IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR ANTHONY CHARLES, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-2823 |
| § | | |
| U-HAUL INTERNATIONAL, *et al.*, § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss ("Motion") [Doc. # 28] filed by Defendants U-Haul International, Inc. ("U-Haul") and Brandon Needham, asking the Court to dismiss or stay this lawsuit in favor of arbitration. Plaintiff Victor Anthony Charles, *pro se*, filed a Response [Doc. # 32], and Defendants filed a Reply [Doc. # 33]. Based on the Court's review of the record and the application of governing legal authorities, the Court **grants** the Motion and **stays and administratively closes** this case pending arbitration.

### **I.    BACKGROUND**

Plaintiff was employed by U-Haul. Plaintiff filed this lawsuit alleging that he was wrongfully terminated by the General Manager, Defendant Needham, on the basis of his race. Plaintiff alleges that he was falsely accused of using company motor oil to change the oil on his personal vehicle on company time.

Defendants filed their Motion to Dismiss, seeking dismissal of this lawsuit in favor of binding arbitration required by the U-Haul Employment Dispute Resolution agreement. Defendants attached a copy of the "Notice to Employees About U-Haul's Employment Dispute Resolution Policy" and the "U-Haul Employee Agreement to Arbitrate" bearing Plaintiff's electronic signature. *See* Exhibit E to Motion. The Agreement to Arbitrate covers disputes related in any way to the employee's employment or the termination of that employment. *See id.* Defendants' Motion has been fully briefed and is now ripe for decision.

## II.     ANALYSIS

To determine whether the parties agreed to arbitrate their dispute, the Court considers (1) whether there is a valid agreement to arbitrate the claims and (2) whether the parties' dispute falls within the scope of that agreement. *Klein v. Nabors Drilling USA L.P.,*, 710 Fl3d 234, 236 (5th Cir. 2013) (citing *Sherer v. Green Tree Servicing LLC,* 548 F.3d 379, 381 (5th Cir. 2008)). Plaintiff in this case does not dispute that there is a binding arbitration provision or that his race discrimination claims fall within that provision. Instead, Plaintiff argues that Defendants waived the right to demand arbitration because they did not seek arbitration immediately after the Equal Employment Opportunity Commission ("EEOC") issued its Right to Sue notice to Plaintiff.

The right to arbitrate a dispute is subject to waiver. *See Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009) (citing *Miller Brewing Co. v. Fort Worth Distrib. Co.,* 781 F.2d 494, 497 (5th Cir. 1986)). Waiver of arbitration is disfavored, but "will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Id.* (quoting *Miller Brewing*, 781 F.2d at 496-97; *see also In re Mirant Corp.*, 613 F.3d 584, 588 (5th Cir. 2010). When deciding whether a party has waived its right to demand arbitration, the Court considers: (1) whether the party seeking arbitration substantially invoked the judicial process, and if so (2) was the opponent prejudiced as a result. *See Nicholas*, 565 F.3d at 907-08. "A party waives arbitration by seeking a decision on the merits before attempting to arbitrate." *Mirant*, 613 F.3d at 589 (quoting *Petroleum Pipe Ams. Corp. v. Jindal Saw, Ltd.,* 575 F.3d 476, 480 (5th Cir. 2009)). There is a presumption against waiver and the party asserting waiver has a heavy burden of proof. *See Petroleum Pipe*, 575 F.3d at 480.

Plaintiff asserts that Defendants substantially invoked the judicial process by not seeking arbitration following the EEOC process when they "should have known [his] sole purpose of presenting his claims to the EEOC was to obtain a right to sue Defendants." *See* Response [Doc. # 32], p. 4. Defendants, however, were not on notice that Plaintiff would file a lawsuit rather than comply with the Agreement to

Arbitrate until they were served with Plaintiff's complaint on October 11, 2012. After that date, Defendants did nothing to seek a decision on the merits prior to filing the pending Motion to Dismiss in favor of arbitration. They did not file a motion to dismiss on the merits or a motion for summary judgment. They conducted no discovery. Defendants filed an Answer [Doc. # 18] on November 1, 2012, as they were required to do to avoid potential default. After Plaintiff filed an Amended Complaint [Doc. # 27] on December 21, 2012, Defendants filed the Motion to Dismiss [Doc. # 28] on February 5, 2013. Filing a motion to dismiss in favor of arbitration does not waive the right to seek arbitration. *See Gulf Guaranty Life Ins. Co. v. Connecticut Gen. Life Ins., Co.*, 304 F.3d 476, 485 (5th Cir. 2002). This is true because "there is no attempt to game the system by seeking a decision on the merits while keeping the arbitration option as a backup plan in case the effort fails." *Mirant*, 613 F.3d at 589. Plaintiff has failed to demonstrate that Defendants substantially invoked the judicial process and, as a result, the Court grants Defendants' Motion to Dismiss in favor of arbitration to the extent that the case will be stayed and administratively closed pending the completion of the arbitration process.

Absent a showing that Defendants substantially invoked the judicial process in this case, Plaintiff has failed to establish that Defendants waived their right to demand arbitration. The Court notes, however, that Plaintiff also failed to demonstrate that he

suffered any prejudice from Defendants' delay between the EEOC's Notice of Right to Sue and their filing the Motion to Dismiss in favor of arbitration. Indeed, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, does not articulate any particular prejudice. "Prejudice in the context of arbitration waiver refers to delay, expense, and damage to a party's legal position." *Id.* at 591. The Court considers three factors to determine whether the opponent has been prejudiced: (1) whether discovery has occurred; (2) the time and expense incurred in defending a dispositive motion on the merits; and (3) a party's failure to assert its right to arbitrate in a timely manner. *See Petroleum Pipe*, 575 F.3d at 480. In this case, no discovery occurred, no dispositive motions were filed, and Defendants asserted their right to arbitrate in a timely manner. As a result, Plaintiff has failed to demonstrate prejudice and, on that basis also, has failed to establish that Defendants waived their right to arbitrate this dispute.

## III.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 28] is **GRANTED** to the extent that this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending the completion of the arbitration process. It is further

**ORDERED** that the parties shall submit this dispute to arbitration pursuant to the parties' Agreement to Arbitrate. It is further

**ORDERED** that the parties shall file either a motion to confirm (or vacate) the arbitration award, or a motion to dismiss this lawsuit, within twenty-eight (28) days after the arbitration is completed.

SIGNED at Houston, Texas, this **29th** day of **April, 2013**.

_____
Nancy F. Atlas
United States District Judge